**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**SHAWNSTON BEAUDOIN** **PLAINTIFF**
**Reg. #65834-019**

**V.** **NO. 2:26-cv-131-BSM-ERE**

**FEDERAL BUREAU**
**OF PRISONS, *et al.*** **DEFENDANTS**

**RECOMMENDED DISPOSITION**

## I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

On August 19, 2026, *pro se* plaintiff Shawnston Beaudoin, a Bureau of Prisons ("BOP") inmate incarcerated at the Federal Correctional Facility – Forrest City Low ("FCL"), filed this lawsuit alleging that the BOP is preventing him from participating in a Financial Industry Regulatory Authority ("FINRA") arbitration proceeding that he initiated against E-TRADE Securities LLC concerning his personal brokerage account. *Doc. 1 at 2-3*. Along with his complaint, Mr. Beaudoin

filed a motion for a temporary restraining order and preliminary injunction, asking the Court to order the BOP to "permit him a reasonable opportunity to participate in proceedings arising [in the FINRA proceeding] including the August 24, 2026 initial prehearing conference and subsequent hearings, conferences, and proceedings . . . for which reasonable prior notice is provided." *Doc. 3 at 6*.

The facts that follow are taken from Mr. Beaudoin's complaint and brief in support of his motion for injunctive relief. In an electronic communication dated July 30, 2026 titled "request to staff," Mr. Beaudoin sought permission to participate in an initial prehearing conference in the FINRA proceeding, scheduled for August 24, 2026. *Doc. 4 at 29*. However, an August 3 letter to FINRA from BOP attorney Robert Clark indicates that Mr. Beaudoin's request was denied. That letter states:

> Shawnston Beaudoin . . . is a federal inmate currently incarcerated at FCC Forrets City in Forrest City, Arkansas.
>
> We are uncertain as to the reason for the arbitration; however, inmate Beaudoin will not be participating. The BOP would classify such an arbitration as doing business which is not allowed under VP disciplinary rules and policy.

*Doc. 4 at 25*.

In an undated letter to "Whom it May Concern," Mr. Beaudoin requested reconsideration of the decision to deny permission for his participation in the FINRA proceeding. *Doc. 4 st 31*. He explained that he was not seeking to conduct business, buy or sell securities or engage in financial trading, and the FINRA proceeding

concerned a legal dispute about his personal financial assets—specifically, he was the victim of identity theft and had been unable to obtain financial records from E*TRADE. Mr. Beaudoin also explained that his failure to participate in the FINRA arbitration proceeding could prejudice his legal rights, stating: "Delaying these proceedings until my projected release in 2033 could jeopardize my ability to timely pursue my claims and obtain meaningful relief." *Id.* It is not clear from Mr. Beaudoin's filings how he submitted this undated letter or whether he received a response.

On August 16, Mr. Beaudoin submitted a BP-8 (informal resolution request) to his BOP counselor seeking "immediate authorization" to participate in the August 24 initial prehearing conference in the FINRA arbitration proceeding. *Doc. 4 at 33*. The counselor accepted the BP-8 and told Mr. Beaudoin he would forward it to the Warden and BOP attorney Clark.[1] *Doc. 4 at 3*.

As of August 17, the date Mr. Beaudoin signed the complaint in this case, he had not received a response to his BP-8 submission. *Doc. 1 at 11, 18*. On August 18, 2026, Mr. Beaudoin mailed his complaint and motion for injunctive relief to the

[1] In addition, the counselor told Mr. Beaudoin that on August 13, he had communicated with BOP attorney Clark about Mr. Beaudoin's "situation." *Doc. 4 at 3*. "According to the counselor, Mr. Clark referenced [Mr. Beaudoin's] mother and suggested . . . that because she purportedly possessed power-of-attorney authority, she should be able to represent [Mr. Beaudoin]." *Doc. 4 at 3.* However, Mr. Beaudoin's mother has not entered an appearance in the FINRA proceeding, and Mr. Beaudoin has not agreed that his mother's representation would be adequate. *Id*.

Clerk of Court (*id. at 19*), who filed the documents on August 19.

Mr. Beaudoin names the BOP, the FCL Warden, and BOP attorney Clark as Defendants. He sues the Warden and Mr. Clark solely in their official capacities and makes clear that he "seeks no personal-capacity damages against Clark or any other federal employee." *Doc. 4 at 19*.

Mr. Beaudoin emphasizes he seeks only declaratory and injunctive relief that would permit him to participate in the FINRA proceeding, and he presents two theories of relief. First, he claims that the BOP's present determination preventing him from participating in the FINRA proceeding amounts to a final agency action subject to review under the Administrative Procedure Act ("APA"). Second, he claims that denying him the ability to participate deprives him of constitutionally protected property interests without adequate process "and/or constitutes arbitrary federal action prohibited by the Fifth Amendment." *Doc. 1 at 14*.

On August 24, Mr. Beaudoin filed a "supplemental notice of newly developed facts" to further support his request for injunctive relief. *Doc. 5*. He reports that on August 20, he received a copy of a motion to stay that E*TRADE filed in the FINRA arbitration proceeding. *Id. at 2, 10-13.* E*TRADE's motion points to attorney Clark's August 3 letter stating that Mr. Beaudoin "will not be participating" in the arbitration proceeding because the BOP would classify his participation as "doing business," which is prohibited. *Id. at 20-11*. In support of its motion to stay the

arbitration proceeding, E*TRADE argues that "absent clarification from the [BOP] or the appearance of an authorized representative, there is no practical mechanism for ensuring that [Mr. Beaudoin] can fully and fairly participate in the arbitration process." *Id. at 12*.

Mr. Beaudoin states that he submitted a response in opposition to E*TRADE'S motion to stay, "informing FINRA that [he] intends to prosecute the arbitration." *Id. at 5*. Additionally, Mr. Beaudoin reports that he has "asked FINRA, as an alternative to a broad stay, to reschedule the August 24 initial prehearing conference if institutional restrictions prevent [his] participation before this Court can address [his] emergency request." *Doc. 5 at 5*.

For reasons that follow, I recommend the Court dismiss Mr. Beaudoin's complaint for failure to state a plausible claim for relief.

## III. Discussion

### A. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents

attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

**B. The APA**

Title 5 U.S.C. § 702 authorizes "persons injured by agency action to obtain judicial review by suing the United States or one of its agencies, officers, or employees." *Corner Post, Inc. v. Board of Governors of Federal Reserve System*, 603 U.S. 799, 807 (2024) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140–141 (1967)). To file a lawsuit under the APA, a party must satisfy two requirements. First, § 702 "requires a litigant to show, at the outset of the case, that he is injured in fact by agency action." *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127 (1995) (cleaned up). "Thus, a litigant cannot bring an APA claim unless and until she suffers an injury. *Corner Post*, 603 U.S. at 807–08. Second, § 704 requires that the challenged agency action is "final." An agency action is final only if:

> first, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or

> interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (cleaned up and citations omitted). Section "702's injury requirement and § 704's finality requirement work hand in hand: Each is a necessary, but not by itself sufficient, ground for stating a claim under the APA." *Corner Post*, 603 U.S. at 808 (cleaned up).

Mr. Beaudoin's allegations confirm that has not suffered an injury in fact as the result of a final agency action. Regarding the initial prehearing conference previously scheduled for August 24, Mr. Beaudoin recognizes that the hearing can be rescheduled. *Doc. 5 at 5.* Mr. Beaudoin fails to identify a single concrete injury that he has suffered or which he is likely to suffer as a result of a BOP decision regarding his participation in FINRA arbitration.

Nor is Mr. Beaudoin challenging a final agency action. He acknowledges that he has started but has not completed the BOP administrative remedy process and states that he intends to pursue all administrative remedies available to him.[2] As a result, Mr. Beaudoin has failed to state a claim for judicial review under the ADA.

---

[2] *Docs. 1 at 9, 5 at 5.* Although not relevant to whether Mr. Beaudoin states a claim upon which relief may be granted, before filing this lawsuit, he was required to exhaust his administrative remedies, which he failed to do. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Krilich v. Fed. Bureau of Prisons*, 346 F.3d 157, 159 (6th Cir. 2003)

Finally, even if the injury and finality requirements were satisfied, it is unlikely that the BOP's decision regarding Mr. Beaudoin's participation in FINRA arbitration is subject to judicial review. The APA excepts from judicial review agency action that is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Title 18 U.S.C. § 4042 provides that the BOP, under the direction of the Attorney General, shall "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." The absence of specific guidelines governing the operations of the BOP "means that the [BOP] has broad discretion in fulfilling its responsibilities and implementing § 4042. *Sebolt v. Lariva*, 2017 WL 2271441, at *6 (S.D. Ind. 2017). The BOP's decision regarding Mr. Beaudoin's participation in the FINRA proceeding is likely discretionary and, therefore, unreviewable.

**C. *Bivens***

Mr. Beaudoin asserts that prohibiting him from participating in FINRA arbitration amounts to a deprivation of property interests without due process "and/or constitutes arbitrary federal action prohibited by the Fifth Amendment."

---

(dismissing a federal prisoner's challenge to prison conditions because "the APA falls within the broad sweep of claims subject to the exhaustion requirements of the PLRA").

*Doc. 1 at 14*. Presumably, Mr. Beaudoin brings this claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which in limited circumstances,[3] provides a remedy for constitutional violations committed by federal officers.

Mr. Beaudoin makes clear that he sues the Defendants solely in their official capacities and "seeks no personal-capacity damages against Clark or any other federal employee." *Doc. 4 at 19*. A suit against a federal agency officer or employee in his official capacity is treated as a suit against the agency itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus Mr. Beaudoin's claims against the individual Defendants are claims against the BOP, and it is well settled that a *Bivens* action cannot be prosecuted against the United States or one of its agencies because of sovereign immunity. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). As a result, Mr. Beaudoin's due process claims

[3] The Supreme Court has recognized an implied cause of action under *Bivens* on only three occasions: (1) the *Bivens* case itself, which involved an allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment; (2) *Carlson v. Green*, 446 U.S. 14 (1980), which involved a failure to treat a prisoner's asthma in violation of the Eighth Amendment; and (3) *Davis v. Passman*, 442 U.S. 228 (1979), which involved gender discrimination in violation of due process rights under the Fifth Amendment. See *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) (citing *Bivens*, *Carlson*, and *Passman* as the only occasions the Supreme Court has implied a cause of action under *Bivens*). Mr. Beaudoin's claims arise under different circumstances and invoke different rights than those at issue in the foregoing cases and extending *Bivens* to new contexts is a "disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (omitting citation).

are barred.

## IV. <u>Conclusion</u>

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Beaudoin's complaint be DISMISSED, without prejudice, for failure to state a plausible claim for relief.

2. Mr. Beaudoin's pending motion (*Doc. 3*) be DENIED, as moot.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be instructed to close this case.

Dated 3 September 2026.

__________________________________
UNITED STATES MAGISTRATE JUDGE